**STATE of Oklahoma, ex rel., OKLAHOMA BAR ASSOCIATION, Complainant,**

v.

**Jeffrey STEINKE, Respondent.**

OBAD No. 640.
SCBD No. 3108.

Supreme Court of Oklahoma.

June 21, 1994.

Dan Murdock, Gen. Counsel, Mike Speegle, Asst. Gen. Counsel, Oklahoma Bar Ass'n, Oklahoma City, for complainant.

Frank J. Pacenza, Oklahoma City, for respondent.

SIMMS, Justice.

Complainant, Oklahoma Bar Association, filed a disciplinary complaint under Rule 6, Rules Governing Disciplinary Proceedings, 5

O.S.1981, Ch. I, App. 1–A, against Respondent, Jeffery L. Steinke, in 1983. Approximately two months after the complaint was filed, this Court, on request of the complainant, entered an order suspending respondent from the practice of law pursuant to Rule 10, and ordered the Rule 6 disciplinary action continued until termination of respondent's medical condition.

In November, 1992, on motion of complainant, and without objection, this Court found the Rule 10 grounds for continuing the disciplinary proceeding no longer existed, and ordered complainant to proceed with the Rule 6 disciplinary action.

Thereafter, the matter was submitted to the Professional Responsibility Tribunal on an agreed written stipulation of facts and conclusions of law with agreed recommendation for discipline.

## I.

In pertinent part, the stipulation reads that on or about July 14, 1980, Respondent filed an action in the District Court of Tulsa County styled *Olivia Patterson v. John Hancock Mutual Life Insurance Co., et al.* The insurance company then deposited the sum of $82,205.00 with the clerk of the district court as an interpleader, whereupon the District Judge directed the funds be deposited in a Tulsa County Bank with the Court Clerk of Tulsa County acting as trustee.

Respondent then obtained an order from the District Judge directing the deposited funds be disbursed to Patterson, through her counsel, Respondent. Upon receipt of the funds, Steinke gave Patterson $40,000.00 as partial payment of the proceeds, however he retained the balance, telling Patterson he would retain the balance and invest the money in Certificates of Deposit on Patterson's behalf.

Thereafter, Patterson made numerous demands upon Respondent for a complete and full accounting of funds, which Respondent refused.

Approximately one year later, Steinke gave to Patterson $6.614.22, leaving $35,591.69 plus accrued and accruing interest remaining in Patterson's account. Patterson then demanded numerous times in telephone conversations, personal conversations, and in letters that Steinke pay her the balance due and owing her, to no avail.

Patterson then filed an action in the District Court of Tulsa County against Respondent Steinke to recover the $35,000.00. An accounting was had and Steinke paid to Patterson the sum of $40,000.00. Patterson then executed a release in favor of Respondent and dismissed her civil action with prejudice.

Respondent stipulated that he had failed to maintain complete records of Patterson's funds which came into his possession, failed to promptly pay and deliver the funds to Patterson as requested, comingled Patterson's funds with his own and in so doing converted the funds to his own use and benefit.

## II.

Respondent's conduct violated the mandatory provisions of the Code of Professional Responsibility, 5 O.S.1981, Ch. 1, App. 3, DR 9–102(A) and (B) [Now Rule 1.15, Rules of Professional Conduct, 5 O.S.1991, Ch. 1, App. 3–A] which provide:

(A) All Funds of Clients paid to a lawyer or law firm, excluding advances for costs and expenses, shall be deposited in one or more identifiable bank or savings and loan association accounts maintained in the state in which the law office is situated and no funds belonging to the lawyer or law firm shall be deposited therein except as follows:

(1) Funds reasonably sufficient to pay bank charges may be deposited therein.

(2) Funds belonging in part to a client an in part presently or potentially to the lawyer or law firm must be deposited therein, but the portion belonging to the lawyer or law firm may be withdrawn when due unless the right of the lawyer or law firm to receive it is disputed by the client, in which event the disputed portion shall not be withdrawn until the dispute is finally resolved.

(B) A lawyer shall:

(1) Promptly notify a client of the receipt of his funds, securities or other properties.

(2) Identify and label securities and properties of a client promptly upon receipt and place them in a safe deposit box or other place of safekeeping as soon as practicable. (3) Maintain complete records of all funds, securities, and other properties of a client coming into the possession of the lawyer and render appropriate accounts to his client regarding them. (4) Promptly pay or deliver to the client as requested by a client the funds, securities, or other properties in the possession of the lawyer which the client is entitled to receive.

### III.

As discipline, the Complainant and Respondent stipulated that Respondent be suspended from the practice of law for five (5) years, and that the suspension be made retroactive to September 13, 1983, the date of temporary suspension of Respondent. The Professional Responsibility Tribunal approved the stipulation and forwarded the recommendation to this Court.

Taking into consideration that Respondent has remained under suspension from the practice of law for a period in excess of ten years; that he suffered from a Rule 10 disability at the time he violated the Rules of Professional Conduct; and that he has made restitution to Patterson, the agreed recommendation as to discipline is approved.

Respondent Jeffery Steinke is Ordered Suspended from the practice of law for a period of five (5) years, the Order of Suspension made retroactive to September 13, 1983. Respondent is directed to pay all costs of these proceedings within thirty (30) days from the date of promulgation of this opinion, and payment of costs shall be a condition of reinstatement.

Respondent shall also comply with Rule 11—Reinstatement, 5 O.S. 1991, Ch. I, App. 1-A, before being reinstated to the practice of law.

All the Justices concur.